UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SARAH THERESS COKER,<br><br>　　　　　　　　　　Plaintiffs,<br>vs.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>　　　　　　　　　　Defendant. | NO: 2:21-CV-0330-TOR<br><br>ORDER OF DISMISSAL |

On November 19, 2021, a Complaint was filed in this case. ECF No. 1. A Summons was issued the same day. ECF No. 3. On December 7, 2021, *pro se* Plaintiff Sarah T. Coker filed proof of service by mail on the Social Security Administration in Seattle, Washington. ECF No. 5. No other proof of service was provided.

On June 2, 2023, the Court ordered Plaintiff to show cause on or before June 23, 2023 why this case should not be dismissed for failure to properly and timely serve the Summons and Complaint upon the United States. ECF No. 6.

ORDER OF DISMISSAL ~ 1

According to Federal Rule of Civil Procedure Rule 4(i)(1), in order to serve a United States agency the Plaintiff must serve the United States: (1) by serving the United States Attorney for the district where the action is brought; (2) sending by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and (3) sending by registered or certified mail to the agency. Plaintiff has not shown compliance with Rule 4(i)(1). According to Federal Rule of Civil Procedure Rule 4(m):

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Because of this strict requirement, the Local Civil Rules for this District provide that a "plaintiff shall promptly file proof of service of the summons and complaint with the Clerk of Court after service has been accomplished." LCivR 4(l).

On June 21, 2023, Plaintiff requested a continuance until July 23, 2023 so that she could meet with an attorney on July 18, 2023. ECF No. 7. The requested time for continuance has now passed. Plaintiff has not shown good cause for the failure to timely serve the Summons and Complaint upon the United States. Plaintiff has had ample time to comply with Local Civil Rule 4(l).

//

ORDER OF DISMISSAL ~ 2

The Court dismisses Plaintiff's Complaint, which was filed almost two years ago, for failure to properly and timely serve the Summons and Complaint upon the United States.

Pursuant to 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one, and good faith is demonstrated when an individual "seeks appellate review of any issue not frivolous." *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). For purposes of 28 U.S.C. § 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The Court finds that any appeal of this Order would not be taken in good faith and would lack any arguable basis in law or fact. Accordingly, the Court hereby revokes Plaintiff's *in forma pauperis* status. If Plaintiff seeks to pursue an appeal, she must pay the requisite filing fee.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Request for Continuance (ECF No. 7) is **DENIED as moot**.
2. This case is **DISMISSED**.
3. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith and would lack any arguable

ORDER OF DISMISSAL ~ 3

Case 2:21-cv-00330-TOR    ECF No. 8    filed 07/27/23    PageID.18    Page 4 of 4

basis in law or fact.  Plaintiff's *in forma pauperis* status is hereby **REVOKED**.

The District Court Executive is hereby directed to enter this Order and Judgment, furnish a copy to Plaintiff, and **CLOSE** the file.

DATED July 27, 2023.



THOMAS O. RICE
United States District Judge

ORDER OF DISMISSAL ~ 4